UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WHITE COAT WASTE PROJECT, INC., | ) ) ) | |
| *Plaintiff*, | ) ) ) | |
| v. | ) ) ) | Civ. A. No. 22-0006 (CJN) |
| U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*, | ) ) ) ) | |
| *Defendants*. | ) | |

**DEFENDANTS' MOTION FOR RELIEF FROM
LOCAL CIVIL RULE 7(n)(1) AND MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Defendants move to stay any requirement under Local Civil Rule 7(n)(1) to file a certified list of the contents of the administrative record ("AR Index") simultaneously with the filing of Defendants' Motion to Dismiss, which will be filed contemporaneously with this motion. Defendants respectfully request that the Court stay the deadline to file the AR Index until sixty days after Defendants file an answer to Plaintiffs' Amended Complaint, should an answer be necessary after the Court rules on the Defendant's Motion. Pursuant to Local Civil Rule 7(m), counsel for Defendants conferred with counsel for Plaintiff, who indicated that Plaintiff opposes the relief sought at this time but that it was willing to meet and confer on the matter after Defendants file the Motion to Dismiss.

This Court's Local Civil Rules require the filing of the AR Index simultaneously with any dispositive motion, including a motion under Federal Rule of Civil Procedure ("Rule") 12(b). The Local Rules state that:

> [i]n cases involving the judicial review of administrative agency actions, unless otherwise ordered by the Court, the agency must file a certified list of the contents of the administrative record with the Court within 30 days following service of

>the answer to the complaint or simultaneously with the filing of a dispositive motion, whichever occurs first.

Local Civ. Rule 7(n)(1).

This case involves claims under the Administrative Procedure Act ("APA") that guidelines issued by the National Institutes of Health (NIH) are contrary to law and constitute legislative rules that were improperly promulgated without notice-and-comment. *See generally* ECF No. 17 Amended Complaint ("Am. Compl."). Defendants are moving to dismiss because Plaintiff lacks standing and has failed to state a claim. Among other things, Defendants challenge Plaintiff's organizational and informational standing and Plaintiff's ability to state a claim under the APA based on an informational injury given the facts in the Amended Complaint.

The administrative record is unnecessary to resolve Defendants' dispositive motion because the motion centers on purely legal issues. Rather, the Court may decide the motion considering only the facts alleged in the Amended Complaint, documents either attached to or incorporated by reference in the Amended Complaint, and matters of which the Court may take judicial notice. No extrinsic evidence is required to adjudicate Defendants' motion, especially because Defendants' challenge is primarily a facial and factual challenge to jurisdiction.

The D.C. Circuit has long recognized that a court can resolve claims at the motion to dismiss stage without the administrative record where, as here, the record is not germane to the issues presented in the motion to dismiss. *See Am. Bankers Ass'n v. Nat'l Credit Union Admin.*, 271 F.3d 262, 266 (D.C. Cir. 2001) (affirming district court's dismissal of Plaintiff's claims and rejecting appellant's argument that the district court erred in refusing to compel production of the administrative record before deciding motion to dismiss); *Banner Health v.* Sebelius, 797 F.Supp 2d 97, 112 (D.D.C. 2011) ("When presented with a motion to dismiss for failure to state a claim,

the district court may, in appropriate circumstances, reach the merits even in the absence of the administrative record, as when the parties' arguments can be resolved with reference to nothing more than the relevant statute and its legislative history").  Courts in this district routinely grant government requests to defer the filing of a certified list of the contents of the administrative record.  *See, e.g., Connecticut v. U.S. Dep't of Interior*, 344 F. Supp. 3d 279, 294 (D.D.C. 2018); *Mdewakanton Sioux Indians of Minn. v. Zinke*, 264 F. Supp. 3d 116, 123 n.12 (D.D.C. 2017); *Carroll v. Office of Fed. Contract Compliance Programs, U.S. Dep't of Labor*, 235 F. Supp. 3d 79, 81 n.1 (D.D.C. 2017); *PETA v. U.S. Fish & Wildlife Serv.*, 59 F. Supp. 3d 91, 94 n.2 (D.D.C. 2014); *see also* Minute Order, *Friends of Animals v. Ashe*, No. 13-cv-1580-BAH (D.D.C. Dec. 23, 2013); Minute Order, *Oregonians for Floodplain Prot. v. U.S. Dep't of Commerce*, No. 1:17-cv-01179 (D.D.C. Sept. 4, 2017); Minute Order, *Fitzgerald v. Fed. Transit Admin.*, No. 1:14-cv-01471-RJL (D.D.C. Feb. 17, 2015); Minute Order, *U.S. Ass'n of Reptile Keepers v. Jewell*, No. 1:13-cv-02007-EGS (D.D.C. Jan. 28, 2014).

Granting Defendants' request to defer the administrative record and index here pending resolution of their motion to dismiss will conserve agency resources in the event that the Court grants dismissal of the amended complaint. Should the Court deny Defendants' motion to dismiss, counsel for Defendants will confer with counsel for Plaintiff within 14 days of the Court's order and endeavor to submit a joint proposed schedule for further proceedings within 21 days of the court's order.

In the event that the Court denies the Motion to Dismiss, Defendants request that they be ordered to file an AR Index, to the extent any Administrative Record exists, by no later than sixty days after the filing of Defendants' answer, or at such other time as ordered by the Court.

Dated: September 20, 2022
      Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES
D.C. Bar No. #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:   /s/ Michael E. Yohannan
MICHAEL E. YOHANNAN
Pennsylvania Bar No. 307575
Special Assistant United States Attorney
601 D. Street, NW
Washington, D.C. 20530
Tel: (202) 815-8969
Michael.Yohannan@usdoj.gov

*Counsel for Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WHITE COAT WASTE PROJECT, INC, ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> U.S. DEPARTMENT OF HEALTH AND ) <br> HUMAN SERVICES, *et al.* ) <br> ) <br> *Defendants*. ) | Civ. A. No. 22-0006 (CJN) |

### **[PROPOSED] ORDER**

UPON CONSIDERATION of Defendants' Motion for Relief from Local Rule 7(n)(1), and the entire record herein, it is hereby

ORDERED that Defendants' Motion for Relief is GRANTED; and it is further

ORDERED that the deadline for Defendants to file a certified list of the contents of the administrative record is stayed until 60 days after Defendants file an answer to Plaintiffs' Amended Complaint, should an answer be necessary after the Court rules on Defendants' Motion to Dismiss.

SO ORDERED this _____ day of _____, 2022.

_____
United States District Judge