**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WHITE COAT WASTE PROJECT, INC., | No. 1:22-cv-00006-CJN |
| Plaintiff, | |
| v. | |
| U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*, | |
| Defendants. | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION FOR RELIEF FROM LOCAL CIVIL RULE 7(n)(1)**

Plaintiff White Coat Waste Project, Inc. ("White Coat") respectfully requests this Court deny Defendant U.S. Department of Health and Human Services and National Institutes of Health's (collectively, "NIH") Motion for Relief from Local Civil Rule 7(n)(1) ("Mot. for Relief"). NIH's concurrently-filed Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6) ("Mot. to Dismiss") both invokes the administrative record, and cites to a document that, if NIH's contention is in fact true, would belong in the administrative record. As a result, White Coat is prejudiced by NIH's Mot. for Relief.

Although White Coat is prejudiced in opposing NIH's Mot. to Dismiss without access to the administrative record, White Coat nonetheless concurrently filed an opposition, to the best of its abilities, in order to preserve its rights should this Court grant NIH's Mot. for Relief. White Coat respectfully requests this Court deny NIH's Mot. to Dismiss. Alternatively, White Coat requests this Court continue NIH's Mot. to Dismiss until NIH produces the administrative record, and grant White Coat the opportunity to file a sur-reply to address that record.

**Background**

In exchange for the privilege of receiving taxpayer funds from NIH, Congress imposed specific benchmarks of government and public oversight on all grantees—domestic *and* foreign. This includes minimum animal welfare obligations, records-keeping requirements, and agency-reporting duties. Specifically, Congress mandated "[NIH] *shall require animal care committees at each entity* which conducts biomedical and behavioral research with funds provided under this chapter[,]" and grantees "shall … [provide] assurances … [of] *an animal care committee* …." 42 U.S.C. §§ 289d(b)(1), (c)(1)(A) (emphasis added).

Congress went further and detailed minimum obligations of animal care committees, including that "*[e]ach* animal care committee *shall* … review the care and treatment of animals in all animal study areas and facilities of the research entity at least semi-annually to evaluate compliance with applicable guidelines established … keep appropriate records of reviews … and … for each review conducted … file with the Director of NIH at least annually (i) a certification that the review has been conducted, and (ii) reports of any violations of guidelines established … or assurances required …." *Id*., § 289d(b)(3)(A)-(C) (emphasis added).

Despite this clear and mandatory language, NIH contradicted § 289d and published multiple binding agency documents, exempting foreign grantees from maintaining animal care committees and, by extension, holding foreign grantees to a lower standard of animal care, laboratory safety, and compliance oversight than domestic recipients.

On August 5, 2022, White Coat filed an Amended Complaint, challenging certain NIH rules as *ultra vires*, illegal, or otherwise in violation of law. *See generally* ECF No. 17. These include portions of the following agency publications that exempt foreign grantees from maintaining an animal care committee: (1) Sec. 4.1.1.4 of the NIH Grants Policy Statement

("Grants Policy"), (2) NIH website titled "Foreign Grants - Animal Welfare," (3)  Sec. II "Applicability" of the Public Health Service Policy on Humane Care and Use of Laboratory Animals ("Policy on Humane Care"), and (4) NIH rules governing Foreign Animal Welfare Assurances (collectively, "Rules"). Together, these Rules comprise the "Foreign Animal Lab Loophole" or "Loophole."[1]

On August 20, 2022, NIH filed its Mot. to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6), and concurrently moved for relief from Local Civil Rule 7(n)(1), claiming "The administrative record is unnecessary to resolve Defendants' dispositive motion because the motion centers on purely legal issues." *See generally* ECF No. 21; ECF No. 22, Mot. for Relief, at 2.

## Argument

NIH put the administrative record at issue in its factual challenge to White Coat's Amended Complaint. Specifically, NIH cherry-picked a document that, if NIH's claims were true, would belong in the administrative record. As a result, White Coat is prejudiced if it must oppose NIH's Mot. to Dismiss without access to the administrative record.

White Coat has found no indication the Foreign Lab Loophole underwent notice-and-comment rulemaking nor has NIH offered any evidence to the contrary in its Mot. to Dismiss. NIH has, however, prejudiced White Coat by representing to the Court that notice-and-comment rulemaking took place with respect to the Humane Care Policy only, while denying White Coat

---

[1]    A true and correct copy of Sec. 4.1.1.4 is contained in the NIH Grants Policy Statement attached as concurrently-filed Request for Judicial Notice ("RJN") as Exhibit 1. A true and correct copy of NIH website titled "Foreign Grants - Animal Welfare," is attached as RJN Exhibit 2 to the concurrently filed Request for Judicial Notice. A true and correct copy of Sec. II "Applicability" is contained in the Public Health Service Policy on Humane Care and Use of Laboratory Animals attached as RJN Exhibit 3 to the concurrently filed Request for Judicial Notice. A true and correct copy of NIH rules governing Foreign Animal Welfare Assurances is attached as RJN Exhibits 4-8.

the benefit of the administrative record. Mot. at 15 (citing to 67 Fed. Reg. 14956. (Mar. 28, 2002), attached as concurrently-filed RJN Ex. 13). But that particular notice in the Federal Register did not in any way concern exempting foreign grantees of their statutory duties under § 289d; rather, it merely asked for comments related to "propos[als] to change the [PHS Policy] to permit institutions with PHS Animal Welfare Assurances to submit verification of [animal care committee] approval for competing applications subsequent to peer review but prior to award." RJN Ex. 13 at 1.

In order for the Court to properly consider whether the Rules underwent notice-and-comment rulemaking, White Coat and this Court must have full access to documents in the administrative record, including, at a minimum, the rulemaking record and the public rulemaking docket. *See, e.g., Nat'l Ass'n of Chain Drug Stores v. U.S. Dep't of Health & Hum. Servs.,* 631 F. Supp. 2d 23, 27 (D.D.C. 2009) (public comments generated during the official comment period are in fact part of the administrative record); *UnitedHealthcare Ins. Co. v. Azar*, 316 F. Supp. 3d 339, 346 (D.D.C. 2018) (administrative record includes public comments received on proposal); *Nat. Res. Def. Council, Inc. v. Train*, 519 F.2d 287, 291 (D.C. Cir. 1975) (finding that reviewing claim on basis of a "partial or truncated record" was in error)*; Dist. Hosp. Partners, L.P. v. Sebelius*, 794 F. Supp. 2d 162, 171 (D.D.C. 2011) (explaining that "[t]o review an agency's action fairly, [the Court] should have before it neither more *nor less* information than did the agency when it made its decision ... and so the APA requires review of 'the whole record.'"). NIH simply cannot narrowly curate the administrative record to only documents it deems favorable to defeat White Coat's notice-and-comment claim without creating undue prejudice. White Coat is entitled to the entire record.

**Conclusion**

White Coat respectfully requests this Court deny NIH's Motion for Relief.

Respectfully submitted,

/s/ Vanessa Shakib

Vanessa Shakib (D.C. Bar No. 1753580)
Ryan Gordon
ADVANCING LAW FOR ANIMALS
409 N. Pacific Coast Highway, Suite 267
Redondo Beach, CA 90277
Tel.     (202) 996-8389
vshakib@advancinglawforanimals.org
rgordon@advancinglawforanimals.org

Nigel Barrella (D.C. Bar No. 1005592)
BARRELLA LAW PLLC
1001 Pennsylvania Ave NW, Suite 1300N
Washington, DC 20004
Tel.   (202) 768-7510
nigel@barrellalaw.com

Attorneys for Plaintiffs